IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MALIK FOUNTAIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-2150-E-BN |
| | § | |
| ILLINOIS STATE POLICE, | § | |
| | § | |
| Defendant. | § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Malik Fountain, an Illinois resident, who the Court may reasonably infer is a truck driver, filed a *pro se* complaint against Defendant Illinois State Police in the Dallas Division of the Northern District of Texas, alleging that he was "involved in a racial power trip involving the Illinois state police and various police departments." Dkt. No. 3 at 1. In the complaint, without specifying who "they" may be, Fountain includes only one (incredible) allegation tying his claims to Texas – that "they also attempted to murder for hire in Texas by running me off the road." *Id.*

United States District Judge Ada Brown referred Fountain's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should *sua sponte* dismiss this lawsuit because Fountain has not made a prima facie showing that the Court has personal jurisdiction over the only named defendant.

## Discussion

Federal Rule of Civil Procedure 12(b)(2) provides for the dismissal of a non-resident defendant for lack of personal jurisdiction, a ground for dismissal typically raised by motion, but which "the district court may raise … *sua sponte*" – "so long as it [gives the plaintiff] an opportunity to address its concerns." *Hazim v. Schiel & Denver Book Publishers*, 647 F. App'x 455, 457 & n.3 (5th Cir. 2016) (citing *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 323-24, 325 (5th Cir. 2001); footnote omitted).

The ability to file objections to these findings, conclusions, and recommendation (as further explained below) offers that opportunity here.

A federal district court may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state permits the exercise of personal jurisdiction over the defendant and (2) the exercise of jurisdiction by the forum state is consistent with due process under the United States Constitution. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009).

"As the Texas long-arm statute extends as far as constitutional due process allows, we only consider the second step of the inquiry." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

Two types of personal jurisdiction may be exercised over a nonresident defendant: general and specific.

"General jurisdiction 'requires continuous and systematic forum contacts and allows for jurisdiction over all claims against the defendant, no matter their

connection to the forum.'" *Zoch v. Magna Seating (Germany) GmbH*, 810 F. App'x 285, 288 (5th Cir. 2020) (quoting *In re Depuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 778 (5th Cir. 2018)). So "it is 'incredibly difficult to establish general jurisdiction in a forum other than'" where a defendant is at home. *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 895 (5th Cir. 2022) (quoting *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020)).

"Specific jurisdiction, on the other hand, demands a connection between the suit and the forum," *Zoch*, 810 F. App'x at 288 (citing *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F.*, 582 U.S. 255, 262 (2017)). Accordingly, it "focuses on the relationship among the defendant, the forum, and the litigation." *Seville*, 53 F.4th at 895 (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)).

> In evaluating whether due process permits the exercise of specific jurisdiction, [courts in this circuit] consider
> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.
> If the plaintiff establishes the first two prongs, the burden shifts to the defendant to make a "compelling case" that the assertion of jurisdiction is not fair or reasonable.

*Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006); footnote omitted).

"For there to be minimum contacts, a defendant must have 'purposefully availed himself of the benefits and protections of the forum state' 'such that he should reasonably anticipate being haled into court there.'" *Id.* (quoting *Moncrief Oil Int'l*

*Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007), then *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting, in turn, *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980))).

"In other words, for specific personal jurisdiction to exist over [a nonresident defendant], there must be an affiliation between the forum and the underlying controversy." *Conti 11. Container Schiffarts-GMBH & Co. KG M.S., MSC Flaminia v. MSC Mediterranean Shipping Co. S.A.*, 91 F.4th 789, 794 (5th Cir. 2024) (cleaned up; quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021)).

This "constitutional touchstone" "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King*, 471 U.S. at 474, 475 (cleaned up).

"That is, the plaintiff cannot supply 'the only link between the defendant and the forum.'" *Carmona*, 924 F.3d at 924 (quoting *Walden*, 571 U.S. at 285). "Rather, jurisdiction is proper only where the 'defendant *himself*' made deliberate contact with the forum." *Id.* (quoting *Walden*, 571 U.S. at 284 (quoting, in turn, *Burger King*, 471 U.S. at 475)).

And, here, where the Court is considering personal jurisdiction over a nonresident defendant based on the allegations of the complaint, "without conducting an evidentiary hearing, the plaintiff bears the burden of establishing only a *prima facie* case of personal jurisdiction." *Hazim*, 647 F. App'x at 457 (citing *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002); *Sys. Pipe & Supply*, 242 F.3d

at 325).

"Nevertheless, the prima facie method does not require the court to credit conclusory allegations, unproven assumptions, generalizations or farfetched inferences." *Daniels Agrosciences, LLC v. Ball DPF, LLC*, No. CA 13-268 ML, 2013 WL 5310208, at *3 (D.R.I. Sept. 20, 2013) (citations omitted); *cf. Starrett v. U.S. Dep't of Defense*, 763 F. App'x 383, 383-84 (5th Cir.) (per curiam) (Under Federal Rule of Civil Procedure 12(b)(6) "[c]ourts … may also dismiss [*sua sponte*] claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); citation omitted)), *cert. denied*, 140 S. Ct. 142 (2019).

Under the standards set out above, Fountain has not established a prima facie case of personal jurisdiction over Defendant Illinois State Police. The allegation implicating the State of Texas is at least conclusory – if not also farfetched, fantastic, or delusional. And the allegation itself does not tie the named defendant to acts alleged to have occurred in Texas where the alleged actor is "they" and Fountain alleges that "various police departments" harmed him.

## Recommendation

The Court should *sua sponte* dismiss the complaint without prejudice under Federal Rule of Civil Procedure 12(b)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 29, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE